11 civ. 7990

United States District Court
Southern District of New York

RECEIVED
SC PRO SE OFFICE
J.A.
2011 NOV -4  PM 4: 44

Ann Burton
                Plaintiff,
  - against -
Nixon Peabody LLP, Alesia J. Kantor
                Defendants.

Complaint

Jury Trial ☒ Yes  ☐ No

I. Parties in this complaint

A. Plaintiff:   Name: Ann Burton
                Street Address: 196-15C 65th Crescent #1B
                County, City: Queens, Fresh Meadows
                State & Zip Code: New York 11365
                Telephone Number: None

B.
Defendant No. 1:  Name: Nixon Peabody LLC
                  Street Address: 50 Jericho Quadrangle
                  County, City: Suffolk, Jericho
                  State & Zip Code: New York 11753
                  Telephone Number: (516) 832-7500

-1-

Defendant No. 2:     Name: Alesia J. Kantor
                     Street Address: 50 Jericho Quadrangle
                     County, City: Suffolk, Jericho
                     State & Zip Code: New York 11753
                     Telephone Number: (516) 832-7500

II. Basis for Jurisdiction:
A. What is the basis for federal Court jurisdiction?
   [X] Federal Question    [ ] Diversity of Citizenship
B. If the basis is for federal Court jurisdiction or question, what is the federal Constitutional, Statutory or treaty rights at issue?

The action arises, not limited to but including violations of plaintiff's Constitutional rights, Amendments 1, IV, and V: Federal Rules of Civil Procedure 26, 30, and 37, and reprisal,

The Southern District of New York is the proper venue for this lawsuit because the cause of action arose in New York County, which is in the Southern District of New York.

C. If the basis for jurisdiction is Diversity of Citizenship, what is the state of Citizenship of each party?
Non-applicable.

-2-

III. Statement of Claim

1. July 2011 defts requested First Set of Interrogatories, and Request for Production of Documents; void of date; redundant; unreasonably burdensome and expensive for unemployed pltf; overly broad; irrelevant to defts clients defense; in defts clients' possession; generated by defts clients; and failed to comply with Federal Rules; eg: (EX 1) (EX 2); request for pltfs' medical records from 2000-present, which is irrelevant to pltfs' hire and fire in 2010, and pltfs emotional distress, which resulted from defts actions of wrongful termination in 2010; request for pltfs' former employers' reason(s) for termination.

2. October 17, 2011 Defendants served improper, and fraudulent Notice of Deposition, upon pltf, which maliciously contained false representation and omission of fact; knowledge and belief in its falsity by defts; belief in its truth by pltf; defts intended that statement will be acted upon by pltf; detrimental reliance by pltf, which created an undue burden in pltfs preparation for deposition, and exacerbated pltfs medical condition. (EB)

3. October 17, 2011 Defendants fraudulent Notice of Deposition stated the identity of the persons conducting the questions

Ex 1

32. All resumes drafted by or for Plaintiff or used by her for any purpose during the period January 1, 2001 to the present.

33. All documents not specifically requested above concerning any of the claims or defenses in this action, including, but not limited to, all documents concerning the subject matter of this action, the injuries claimed in this action, and/or the damages sought in this action.

Dated: July __, 2011
       Jericho, New York

                                 **NIXON PEABODY LLP**

                              By: _____
                                    Alesia J. Kantor

50 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 832-7500
*Attorneys for Defendants*
*Silvercrest Center for Nursing*
*and Rehabilitation, Marie Mitchell*
*and Darlene Weitzman*

*Of Counsel*:
    Tara Eyer Daub, Esq.
    Alesia J. Kantor, Esq.

To:     Ann Burton
        196-15C 65th Crescent #1B
        Fresh Meadows, N.Y. 11365
        *Plaintiff*

Ex 2

23. Identify each and every document referred to, relied upon or utilized by you in any manner to respond to these Interrogatories.

Dated: July __, 2011
       Jericho, New York

**NIXON PEABODY LLP**

By: _____
    Alesia J. Kantor

50 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 832-7500

*Attorneys for Defendants*
*Silvercrest Center for Nursing*
*and Rehabilitation, Marie Mitchell*
*and Darlene Weitzman*

*Of Counsel*:
    Tara Eyer Daub, Esq.
    Alesia J. Kantor, Esq.

To:    Ann Burton
       196-15C 65th Crescent #1B
       Fresh Meadows, N.Y. 11365
       *Plaintiff*

13467529

- 8 -

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ANN BURTON,

                    Plaintiff,

- against -

SILVERCREST CENTER FOR NURSING AND
REHABILITATION, MARIE MITCHELL, AND DARLENE
WEITZMAN

                    Defendants.

EX 3

11-CV-1417

(SLT) (LB)

## SECOND NOTICE OF DEPOSITION
## UPON ORAL EXAMINATION

**PLEASE TAKE NOTICE** that, pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, defendants Silvercrest Center for Nursing and Rehabilitation, Marie Mitchell and Darlene Weitzman, will take the testimony upon oral examination of plaintiff Ann Burton, before a notary public or a person authorized to administer oaths, at the law offices of Nixon Peabody LLP, 437 Madison Avenue, New York, New York 10022 at 10:00 a.m. on the 31st day of October, 2011. The deposition will continue day-to-day until completed.

Dated: October 17, 2011
      Jericho, New York

                                  **NIXON PEABODY LLP**

                                  By: _____
                                       Alesia J. Kantor

                                  50 Jericho Quadrangle, Suite 300
                                  Jericho, New York  11753
                                  (516) 832-7500

                                  *Attorneys for Defendants*

*Of Counsel*:
      Tara Eyer Daub, Esq.
      Alesia J. Kantor, Esq.

13647737.1

at the deposition as Marie Mitchell, Vice President of Nursing and Darlene Weitzman Human Resources Manager, both of whom are termination officials.

4. October 17, 2011 deft's failed to designate the testimony that the party intended to introduce.

5. October 17, 2011 deft's demanded pltf to disclose confidential medical information without an agreed upon confidentiality agreement in place.

6. October 31, 2011 deft's refused to respect pltf's disclosed health emergency, prior to commencement of deposition, and relayed false statements to Judge Bloom, which initiated additional threats and acts of intimidation aided by Judge Bloom's directive to dismiss pltf's complaint, and bifurcate. Despite pltf's life threatening and extenuating circumstances, pltf made a good faith effort to attend the deposition, in part, rather than fail to entirely attend.

7. October 31, 2011 Deft's illegally seized pltf's personal property, despite pltf's objection, made it EX B, failed to photocopy, which consisted of pltf's confidential medical information.

-4-

8. October 31, 2011, defts' persistently badgered pltf with questions pertaining to pltfs' personal property and contents, which wasted valuable time and expense in light of pltfs' need to leave at approximately 2 pm.

9. October 31, 2011, defts persistently badgered pltf with questions pertaining to pltfs confidential medical information in the absence of an agreed Confidentiality Stipulation, which defts denied receipt, and again wasted valuable time and expense.

10. October 31, 2011, defts disrespected pltfs right to object to disclosure of medical information, for which no Confidentiality Stipulation has been agreed, and falsely stated pltfs actions as a refusal to comply to preclude pltfs claims for damages.

11. October 31, 2011 defts questioned pltfs' reasons for being terminated, by former employer, and whether I was in possession of the said termination notice from my former employer. This illegal "fishing expedition" is for no other reason that to aid and abet, the said former employers' potential defense in pltfs' civil action, pending.

-5-

12. October 31, 2011, defts' persistently badgered pltf with questions irrelevant to pltfs' civil actions, against defts' clients, which involves reprisal, discrimination, wrongful termination, and damages, in that defts asked for information pertaining to pltfs' several pending civil actions. Judge Bloom Ordered defts to research the "Public Record" as opposed to wasting valuable and expensive deposition time.

13. October 31, 2011, defts' additional irrelevant depo questions were do I have a computer; what happened to it; the name of my daughter; where does my daughter live; was I ever married; how long was I married and was pltf ever fired before, which again was defts' false pretense for a deposition to aid and abett pltfs former employers potential defense in pending civil actions.

14. October 31, 2011, defts' commenced the depo approximately 10:10 AM, followed by a 5 min break, which defts suggested that I leave my personal property (bag) in the office, and in less than one hour later, at approximately 1:30 pm defts terminated deposition to break for 30 min. I informed defts that I will be unable to return.

15. October 31, 2011, defts' acted in bad faith, which was intended to annoy, embarass, and oppress pltf, with false statements, and inflammatory, derogatory comments, eg: "...has anyone told you that you have a memory problem?"

16. Deft's subjected pltf to acts of reprisal for pltfs successful Pro Se exercise of rights, based upon Constitutional, Health, and Nursing Laws, Rules, and Guidelines, and nothing but the truth, which will prove, beyond a reasonable doubt, deft's clients guilty of wrongful termination, reprisal, discrimination, defamation of character, and irreparable harm and possibly death.

17. Despite pltfs life threatening health status, and extenuating circumstances, eg: facing eviction for reporting tainted water and violations, insufficient income to meet basic and uninsured medical needs and expenses, pltf has made a good faith effort to afford defts the opportunity Cease and Desist unlawful actions on their own accord, to no avail.

IV. Injuries

1. Deft's unlawful misconduct, which violated pltfs Constitutional rights to life, liberty, and property, and to be secure in their persons, papers and effects, is tantamount to the daily illegal home invasions and theft of case documents, from pltfs residence, involving defts clients case. Deft's actions exacerbated pltfs pain and suffering, fear, and distress.

V. Relief

1. Pltf seeks sanctions to the fullest extent of the law for blatant corruption and violations of Constitutional Law, Rules of Federal Procedure and pltfs rights.

-7-

2. Pltf seeks monetary and defamatory compensation in the amount of $10,000,000.⁰⁰ dollars for exacerbation of pltfs' medical condition and contribution to extenuating circumstances.

3. Pltf seeks punitive damages in the amount of $5,000,000.⁰⁰ dollars for defts' malicious, intentional and reckless misconduct, which surpassed the legal realm of representation.

4. Pltf seeks any other damages, which the Court deems appropriate.

WHEREFORE, pltf respectfully prays that the Court construes her complaint "so as to do justice" fairly, and uphold pltfs' Constitutional rights.

I declare under the penalty of perjury that the foregoing is true and correct.

Respectfully Submitted
Qun Buxtin RN, Pro Se
196-15e 65th Crescent #1B
Fresh Meadows, NY 11365

Dated:
November 1, 2011

VIA CERTIFIED MAIL
RRR# 7011 0110 0001
         2619 3007    11/3/11

-8-