```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/7/11
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ANN BURTON,

                Plaintiff,

-against-

NIXON PEABODY LLP; ALESIA J. KANTOR,

                Defendants.

------------------------------------------------------------X

ORDER OF DISMISSAL

11 Civ. 7990 (LAP)

LORETTA A. PRESKA, Chief United States District Judge:

    Plaintiff, appearing *pro se*, brings this action alleging violation of her rights. The Court grants Plaintiff's request to proceed *in forma pauperis* but dismisses the Complaint for the following reasons.

## STANDARD OF REVIEW

    The Court has the authority to screen *sua sponte* an *in forma pauperis* complaint at any time and must dismiss the complaint, or portion thereof, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). While the law authorizes dismissal on any of these grounds, district courts "remain obligated to construe a *pro se* complaint liberally." Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). Thus, *pro se* complaints should be read with "special solicitude" and should be interpreted to raise the "strongest [claims] that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (citations omitted).

## BACKGROUND

    Plaintiff alleges that Defendants violated her rights when they represented Silvercrest Center for Nursing and Rehabilitation, Marie Mitchell and Darlene Weitzman in an action brought by Plaintiff in the United States District Court for the Eastern District of New York. See

ORDER MAILED BY PRO SE OFFICE ON 12/7/11

Burton v. Silvercrest Ctr. for Nursing and Rehab., et al., No. 11-CV-1417 (SLT) (LB). Plaintiff asserts that Defendants' "unlawful misconduct . . . violated pltfs constitutional rights to life, liberty, and property, and to be secure in their persons, papers and effects, . . . tantamount to the daily illegal home invasions and theft of case documents, from pltfs residence, involving defts' clients' case." Compl. at ¶ IV. Plaintiff seeks $15,000,000.00 in monetary damages and injunctive relief.

## DISCUSSION

A.   Subject Matter Jurisdiction

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented (§ 1331) or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00 (§ 1332). "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994) (quoting Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford, 711 F.2d 501, 503 (2d Cir. 1983)). The Court, on its own initiative, may question the assertion of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . .").

Federal Question

Plaintiff's allegations do not suggest a basis for federal jurisdiction under 28 U.S.C. § 1331. To invoke federal question jurisdiction, the plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Federal question

2

jurisdiction may be properly invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law." State of New York v. White, 528 F.2d 336, 338 (2d Cir. 1975).

Even if Plaintiff's allegations are liberally construed as claims in violation of the Constitution brought pursuant to an action under 42 U.S.C. § 1983, they must still be dismissed. A claim for relief under § 1983 must allege facts showing that each defendant acted under color of a state "statute, ordinance, regulation, custom or usage," 42 U.S.C. § 1983, and private parties, thus, are not generally liable, Rendell-Baker v. Kohn, 457 U.S. 830, 838-42 (1982); Flagg Bros. Inc. v. Brooks, 436 U.S. 149, 155-57 (1978); Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 173 (1972); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970). Here, Defendants are private parties who do not work for any state or other government body. Therefore, Plaintiff cannot present a § 1983 claim against these Defendants, and such claim would be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii). Because Plaintiff's claims do not arise under a federal statute or the U.S. Constitution, this Court lacks federal question jurisdiction.

Diversity of Citizenship

Plaintiff's claims also fail with respect to the Court's diversity of citizenship subject matter jurisdiction. In order to invoke jurisdiction under 28 U.S.C. § 1332, Plaintiff must first allege that he and Defendants are citizens of different states. Diversity must be complete; in other words, "no plaintiff and no defendant [may be] citizens of the same State." Wisconsin Dep't of Corr. v. Schacht, 524 U.S. 381, 388 (1998). In addition, Plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. Colavito v. New York Organ Donor Network, Inc., 438 F.3d 214, 221 (2d Cir. 2006); Chase Manhattan Bank, N.A. v. American Nat'l Bank & Trust Co. of Chicago, 93 F.3d 1064, 1070 (2d Cir. 1996).

In this action, Plaintiff indicates that she resides in Fresh Meadows, New York, and that Defendants are located in Jericho, New York. Because Plaintiff and Defendants are citizens of

3

New York, Plaintiff fails to demonstrate that her claims arise under the Court's diversity subject matter jurisdiction.

B.   Venue

Finally, to the extent Plaintiff seeks to assert claims regarding constitutional violations that she alleges occurred in Queens, Jericho, or Brooklyn, New York, the Southern District of New York is not the appropriate court in which to bring these claims. The relevant venue provision, 28 U.S.C. § 1391(b), provides that "[a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." As Queens, Jericho, and Brooklyn, New York are located in the Eastern District of New York, see 28 U.S.C. § 112(c), the United States District Court for the Southern District of New York is not the appropriate court in which to file these claims, see 28 U.S.C. § 1391(b). If an action is filed with the wrong district court, a court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). This provision vests broad discretion with the court to decline to transfer a case where it would not be in the interest of justice to effect such a transfer. As it would not be in the interest of justice to transfer these claims to the United States District Court for the Eastern District of New York, the claims are dismissed.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket. Plaintiff's Complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed, without prejudice, for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3). Plaintiff's request for injunctive relief is denied as moot.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED:

*Loretta A. Preska*
LORETTA A. PRESKA
Chief United States District Judge

DEC 0 7 2011

Dated:
New York, New York